UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KAREN MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-95 |
| | § | |
| THE TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The plaintiff, Karen Mitchell, is proceeding *pro se* and has sued the Texas Department of Criminal Justice ("TDCJ") and the University of Texas Medical Branch ("UTMB") under several federal statutes and Texas common-law causes of action. Each defendant has moved, under Federal Rule of Civil Procedure 12(b)(1), to dismiss several of the claims against it as barred by sovereign immunity. In its 12(b)(1) motion, UTMB has also moved to dismiss one claim against it as jurisdictionally barred for lack of an employment relationship with Mitchell. Both motions to dismiss (Dkt. 26 and Dkt. 27) are **GRANTED**. UTMB is **TERMINATED** from this lawsuit. A separate pending motion to dismiss (Dkt. 6) is **DENIED** as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to her live complaint, Mitchell spent nine years working for TDCJ as a correctional officer (Dkt. 25 at p. 1). For at least some of that time, Mitchell worked at TDCJ's Hospital Galveston unit (Dkt. 25 at p. 2; Dkt. 33-1 at pp. 64–66). Mitchell alleges that, while she was assigned to the Hospital Galveston unit, she was the victim of sexual

harassment and retaliation by fellow correctional officers (Dkt. 25 at pp. 21–31). Mitchell has sued TDCJ and UTMB under:

(1) 42 U.S.C. § 1981;

(2) 42 U.S.C. § 1983;

(3) 42 U.S.C. § 1985;

(4) the Age Discrimination in Employment Act ("ADEA"), codified at Chapter 14 of Title 29 of the United States Code;

(5) Title VII of the Civil Rights Act of 1964, codified at Subchapter VI of Chapter 21 of Title 42 of the United States Code; and

(6) indeterminate state-law causes of action for, in Mitchell's words, "Intentional acts in negligent duty of care[.]"
Dkt. 25 at p. 3.

The defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction over most of the claims (Dkt. 26 and Dkt. 27). Mitchell has responded (Dkt. 33).

## II. SOVEREIGN IMMUNITY

The primary basis for the defendants' motions to dismiss is sovereign immunity. Under the Eleventh Amendment, absent waiver, neither a state nor agencies acting under the state's control may be subject to suit in federal court by the state's own citizens or by citizens of another state. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Eleventh Amendment immunity is a "jurisdictional bar [that] applies regardless of the nature of the relief sought." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). The Fifth Circuit has held that both TDCJ and UTMB are agencies of Texas that enjoy Eleventh Amendment immunity. *Harris v.*

*Angelina County, Texas*, 31 F.3d 331, 337 n. 7 (5th Cir. 1994) (TDCJ); *Lewis v. Univ. of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB). The defendants have attacked all of Mitchell's claims, with the exception of her claims under Title VII, as barred by the Eleventh Amendment. The challenges are valid.

### a. Section 1981

"Section 1981 contains no congressional waiver of the state's eleventh amendment immunity." *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981); *see also Moore v. Univ. of Mississippi Medical Center*, 719 F. App'x 381, 388 (5th Cir. 2018). Mitchell's claims under Section 1981 are barred by the Eleventh Amendment.

### b. Section 1983

"[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Mitchell's claims under Section 1983 are barred by the Eleventh Amendment.

### c. Section 1985

Section 1985 does not abrogate sovereign immunity. *Price v. Shorty*, 632 F. App'x 211, 212 (5th Cir. 2016). Mitchell's claims under Section 1985 are barred by the Eleventh Amendment.

### d. The ADEA

"[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91–92 (2000); *see also Raj*, 714 F.3d at 328. Mitchell's claims under the ADEA are barred by the Eleventh Amendment.

### e. Texas tort law

The Eleventh Amendment also bars state-law claims against the states. *Harris*, 31 F.3d at 338 n. 7; *see also Cox v. Texas*, 354 F. App'x 901, 902–03 (5th Cir. 2009). Mitchell vaguely mentions state tort law but does not point to an applicable waiver of Eleventh Amendment immunity. As the defendants note, the Texas Tort Claims Act provides a limited waiver of Texas's immunity to suit under Texas tort law but only does so in Texas state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996); *see also* TEX. CIV. PRAC. & REM. CODE § 101.102(a) ("A suit under this chapter shall be brought *in state court* in the county in which the cause of action or a part of the cause of action arises.") (emphasis added). It is true that, when a state waives its immunity to suit in state court in a statute, it waives its Eleventh Amendment immunity when it removes a lawsuit brought under that statute from state court to federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617–18, 623–24 (2002). However, the defendants did not remove this case; Mitchell originally filed it here. Mitchell's claims under Texas tort law are barred by the Eleventh Amendment.

### III. UTMB AND TITLE VII

The defendants correctly note that Title VII, unlike the other statutes cited by Mitchell, does abrogate the states' sovereign immunity. *Perez v. Region 20 Education Service Center*, 307 F.3d 318, 326 n. 1 (5th Cir. 2002) ("[W]e have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII."). Nevertheless, UTMB has moved for dismissal of the Title VII claims against it under Rule 12(b)(1) on the basis that no employment relationship existed between it and Mitchell. Dismissal of a Title VII claim for lack of subject matter jurisdiction is proper if there is no employment relationship between the plaintiff and the defendant. *Deal v. State Farm County Mutual Insurance Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993). As the Fifth Circuit has summarized the applicable test:

> In determining whether an employment relationship exists within the meaning of Title VII and the ADEA, we apply a "hybrid economic realities/common law control test." The right to control an employee's conduct is the most important component of this test. When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.
> *Id.* (citations and quotation marks omitted).

Mitchell's live complaint is devoid of factual allegations that, even if true, would satisfy this test as to UTMB. Rather, Mitchell repeatedly refers to herself as a "former TDCJ Correctional Officer" and to TDCJ as her employer (Dkt. 25 at pp. 1–2). She states that the events giving rise to this lawsuit largely occurred while she was "employed with

5 / 7

the TDCJ on location of the Hospital Galveston (HG) State Prison Hospital" and that those events culminated in "the separation of her employment by her TDCJ employer" (Dkt. 25 at p. 2). Additionally, Mitchell has attached hundreds of pages of documents to her response to the defendants' motions; many of those documents indicate that she was employed by TDCJ, but not one indicates that she was employed by UTMB.[1] Mitchell's hiring letter, which contains nary a mention of UTMB, is from a Human Resources Specialist employed by TDCJ and is on TDCJ letterhead (Dkt. 33-1 at p. 1). The benefits information provided by Mitchell summarizes "the employee benefits enjoyed by TDCJ employees" (Dkt. 33-1 at p. 6). The charge of discrimination filed by Mitchell with the Equal Employment Opportunity Commission and the Texas Workforce Commission lists TDCJ as Mitchell's employer (Dkt. 33-1 at pp. 99–100). A statement written by Mitchell on TDCJ "Inter-Office Communications" letterhead and provided to the TDCJ Human Resources Department refers to various TDCJ correctional officers as "co-workers" (Dkt. 33-1 at pp. 43–55). Even the security access card that enabled Mitchell to access the UTMB facilities has "TDCJ" written on it just below Mitchell's name (Dkt. 33-1 at p. 8). In short, there is no sign, in either Mitchell's factual allegations or her employment documents, of an employment relationship between Mitchell and UTMB. The Court will dismiss Mitchell's Title VII claims against UTMB for lack of subject matter jurisdiction.

---

[1] The Court may consider Mitchell's attachments to her response, particularly since no party has challenged either the authenticity of those attachments or the veracity of the facts contained therein. "[U]nder Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Walch v. Adjutant General's Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008) (quotation marks omitted).

## IV. CONCLUSION

The motions to dismiss filed by the defendants under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 26 and Dkt. 27) are **GRANTED**.

All claims against UTMB are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and UTMB is **TERMINATED** from this lawsuit. UTMB's first motion to dismiss (Dkt. 6) is **DENIED AS MOOT**.

All claims against TDCJ, except for those brought under Title VII of the Civil Rights Act of 1964, are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

SIGNED at Galveston, Texas, on August 13, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE